Anne D. Foster, OSB No. 993152
afoster@sfklegal.com
Samuel T. Smith, OSB No. 084772
ssmith@sfklegal.com
Jaimee R. King, OSB No. 146042
jking@sfklegal.com
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
(503) 567-7100
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KENDAL SPENCER, an individual,<br><br>Plaintiff,<br>v.<br><br>TOPGOLF USA HILLSBORO, LLC, a Delaware limited liability company, and TOPGOLF INTERNATIONAL, INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:25-cv-00353<br><br>COMPLAINT<br>(Personal Injury – Premises Liability: Strict Liability and Negligence)<br><br>Prayer: $40,000,000 plus punitive damages<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Kendal Spencer ("Plaintiff"), hereby states and alleges as follows:

PARTIES

1.

Plaintiff is currently a resident of Deschutes County, Oregon.

2.

At all material times, Defendant Topgolf USA Hillsboro, LLC ("Defendant Topgolf Hillsboro") was and is a Delaware limited liability company with its stated principal place of business in Dallas, Texas.



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

3.

At all material times, Defendant Topgolf International, Inc. ("Defendant Topgolf Intl.") was and is a Delaware corporation with its principal place of business in Dallas, Texas.

JURISDICTION & VENUE

4.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332 due to a diversity of citizenship and an amount in controversy exceeding $75,000.

5.

Venue is proper pursuant to 28 U.S.C. § 1391 because this action was filed in the judicial district in which a substantial part of the events giving rise to Plaintiff's claims occurred.

6.

Plaintiff demands a jury trial pursuant to F.R.C.P. 38.

FACTS

7.

At all material times, Defendant Topgolf Hillsboro and Defendant Topgolf Intl. (hereinafter collectively "Topgolf Defendants") were the owners, possessors, and/or operators of a golf-themed entertainment business located at 5505 NW Huffman St., Hillsboro, OR 97124 (the "Hillsboro Location"). The Hillsboro Location features a multi-level golf driving range, bar, restaurant, and various other amenities.

8.

Defendant Topgolf Intl. owns, possesses, controls, and/or operates approximately 92 other TopGolf facilities across the United States, with four more under construction to be opened in 2025. Each of these facilities is essentially identical to the Hillsboro Location with respect to its floorplans, layout, and service offerings.

/ / /

/ / /



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

9.

As of February 28, 2025, the Topgolf Defendants' website states, "At Topgolf, safety has been and remains our #1 priority. We are committed to maintaining a clean, welcoming and fun environment to keep our Guests and Associates healthy and safe."

10.

The Hillsboro Location, like every Topgolf facility nationwide, includes 102 "Bays" divided into three floors (with approximately 34 Bays per floor). Further, each Bay includes: (a) a hitting mat where customers swing golf clubs at high rates of speed, and (b) a seating area, where customers sit, eat, drink, watch television, lounge, and/or socialize.

11.

The layout of the Hillsboro Location, like nearly every other Topgolf facility nationwide, is cramped due to the closeness of the Bays to each other as well as the closeness of the hitting mats to the seating areas.

12.

There are no physical barriers or other safety devices installed *between* the Bays to protect guests from the foreseeable risk of injury associated with flying objects – such as errant golf clubs and golf balls – traveling *between* the Bays.

13.

Further, there are no physical barriers or other safety devices installed *within* the Bays to protect guests from the foreseeable risk of injury associated with flying objects – such as errant golf clubs and golf balls – traveling *within* the Bays.

14.

There are no warnings, signs, or other markings within or between the Bays informing guests of the foreseeable risk of injury associated with flying objects. Likewise, there are no warnings, signs, or other markings in the Bays informing guests that it is dangerous to be sitting in the seating area.

15.

Prior to the events giving rise to this litigation, the Topgolf Defendants were aware that their guests have routinely been injured by flying objects – such as errant golf clubs and golf balls – while doing nothing other than sitting or standing inside the seating area of their Bays. Upon information and belief, the Topgolf Defendants were also aware that thousands of other guests nationwide had been struck by flying objects entering the seating area of the Bays.

16.

Prior to the events giving rise to this litigation, the Topgolf Defendants were aware of the risk of serious injury associated with flying objects entering their Bays due to the closeness of the Bays to each other; the closeness of the seating areas to the hitting mats; and the lack of physical barriers or other safety measures on their premises.

17.

Despite this knowledge, the Topgolf Defendants decided not to install or maintain adequate safety features inside of and/or between the Bays to protect their guests from the foreseeable risk of injury associated with flying objects. The Topgolf Defendants' decision was intentional and designed to promote a feeling of fun and whimsy at the expense of guests' health and safety.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

18.

In or about 2020, the Topgolf Defendants installed “Bay Dividers” (measuring approximately 8’x5’) in their facilities nationwide, including at the Hillsboro Location, when Covid-era protocols mandated that they install such dividers. In addition to lessening the risk of airborne pathogens, the Bay Dividers also eliminated the foreseeable risk of injury associated with flying objects entering the seating area of the Bays. Below is a diagram showing the approximate configuration of the Bay Dividers:




19.

When Covid protocols ended – and prior to the events giving rise to this litigation – the Topgolf Defendants removed the Bay Dividers from all of their locations nationwide, including from the Hillsboro Location. In so doing, the Topgolf Defendants re-exposed their guests to the foreseeable risk of injury associated with flying objects.

/ / /

/ / /

/ / /



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

20.

The Topgolf Defendants are aware that their premises are inherently dangerous. This is evident by the small, barely visible warning sign placed next to the sliding doors used to enter the Bays, indicating (in a small font at the bottom of the sign) that anyone who enters the "golf area" may be struck by a flying object, as depicted below:




21.

On or about June 24, 2023, Plaintiff, a healthy and active 23-year-old, visited the Hillsboro Location with a group of friends. Plaintiff and her group were assigned to Bay No. 131 on the first floor of the Hillsboro Location.

22.

Based on information and belief, Plaintiff was not provided with, nor asked to sign, any assumption of risk or waiver of liability form by the Topgolf Defendants as a condition of visiting the Hillsboro Location.

23.

During the visit, Plaintiff was sitting on a couch and talking to a friend in the seating area



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

of the Bay when a flying club struck her in the back of the head (the "Subject Accident").

24.

Plaintiff was an invitee at the Topgolf Defendants' Hillsboro Location at the time of the Subject Accident, and fully in compliance with the Topgolf Defendants' rules for guest conduct.

25.

Upon information and belief, the club that struck Plaintiff had been swung and released by either Ricardo Garcia or Humberto Lopez, who were not in her group, from two Bays away at Bay No. 133. The diagram below shows the approximate club trajectory:




26.

The Topgolf Defendants have already produced limited customer information of the guests in Bay 133 and surveillance footage depicting the Subject Accident. These materials indicate that either Mr. Garcia or Mr. Lopez was the guest who swung the club that struck Plaintiff. The following images, captured from the surveillance video, show the club being released and traveling from Bay 133 towards Bay 131:



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com







27.

Plaintiff was unaware that Mr. Garcia or Mr. Lopez had released the flying club, and she had no reasonable opportunity to dodge it or prevent the Subject Accident.



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

28.

As a result of the Subject Accident, Plaintiff slumped into her friend's lap. Blood poured from a large wound in Plaintiff's head.

29.

Plaintiff was taken by ambulance to the emergency room where she received nine staples in her head to close the wound, as depicted below:



30.

Plaintiff also received a CT scan and was diagnosed with a traumatic brain injury.

31.

As a result of the Subject Accident, Plaintiff has suffered and continues to suffer headaches, vertigo, memory loss, blurred vision, inattention, poor concentration, poor motivation, impulsivity, mood swings, depression, anxiety, panic attacks, agitation, irritability, anger, difficulty making decisions, feeling overwhelmed by stimuli, clumsiness, excessive crying, sleep issues, and chronic pain as a result of her injury.



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

32.

Plaintiff has treated and continues to treat for the injuries she suffered as a result of the Subject Accident. Some or all of Plaintiff's injuries are permanent in nature.

33.

One of the reasons Plaintiff visited the Hillsboro Location on the date of the Subject Accident was to celebrate her new employment as a teacher in Bend, Oregon. However, following the Subject Accident, Plaintiff's ability to perform her new job was negatively impacted by her injuries. As a result, Plaintiff has been unable to continue her teaching career. Plaintiff is currently employed as a part-time housecleaner.

34.

Upon information and belief, the Topgolf Defendants take no steps to ensure that guests properly grip or swing clubs, or that they have any golfing experience whatsoever. In fact, this is one of Topgolf's main selling points: that everyone is invited to play, no matter how risky it may be to have novices swinging dangerous weapons (with the hazard often compounded by alcohol consumption, greasy finger foods, and distractions such as blaring music and TV screens).

FIRST CLAIM FOR RELIEF

(Premises Liability: Strict Liability – Topgolf Defendants)

35.

Plaintiff incorporates all prior paragraphs as if fully set forth below.

36.

The Topgolf Defendants' service offering (i.e., a golf driving range merged in close quarters with a bar/restaurant/lounge, open to anyone, including those lacking the minimum golfing skill and ability necessary to keep guests safe from flying clubs and balls) is an abnormally dangerous activity.

/ / /

/ / /



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

37.

The Topgolf Defendants admit their service offerings pose a high degree of risk of a likelihood of great harm to everyone who enters the "golf area" of their premises. Their admission is the small, barely visible sign described in paragraph 20 of this complaint. Further, guests routinely suffer serious bodily injury from being struck by flying clubs and balls while following all of the Topgolf Defendants' rules.

38.

Guests cannot reduce or eliminate this risk by exercising reasonable care.

39.

The Topgolf Defendants' service offering is unusual and uncommon, in that a standard golf driving range does not contain the elements (i.e., a bar/restaurant/lounge and primarily novice golfers) that make the activities on their premises so abnormally and inherently dangerous.

40.

The Topgolf Defendants' premises are inappropriately designed (i.e., unreasonably cramped, with no safety measures to protect guests in the seating area from flying clubs and balls) *on purpose*, to promote a fun, party atmosphere and mask the dangers inherent in the golfing activities. Further, the inappropriate design is motivated solely by the Topgolf Defendants' financial interest.

41.

The Topgolf Defendants' dangerous attributes exceed its value to the community. The utility of the activity does not justify the risk it creates.

42.

Plaintiff was an invitee on the Topgolf Defendants' premises.

43.

For the foregoing reasons, the Topgolf Defendants are strictly liable for the harm that befell Plaintiff due to the abnormally dangerous activities carried out on their premises.



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

44.

The Topgolf Defendants are strictly liable for Plaintiff's economic damages in the form of past medical expenses, future medical expenses, lost wages and benefits, and lost earning capacity in an amount to be proven at trial but not less than $10,000,000.

45.

The Topgolf Defendants are strictly liable for Plaintiff's noneconomic damages in the form of pain; mental suffering; emotional distress; humiliation; injury to reputation; loss of care, comfort, companionship and society; inconvenience; and interference with normal and usual activities apart from gainful employment in an amount to be proven at trial but not less than $30,000,000.

46.

The abnormally dangerous activities that the Topgolf Defendants carry out on their premises rise to the level of recklessness with outrageous indifference to a highly unreasonable risk of harm to business invitees and with a conscious indifference to the health, safety, and welfare of others. Accordingly, the Topgolf Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial.

SECOND CLAIM FOR RELIEF

(Premises Liability: Negligence – Topgolf Defendants)

47.

Plaintiff incorporates all prior paragraphs as if fully set forth below.

48.

As the owner/possessor of the Hillsboro Location, the Topgolf Defendants had a duty to maintain their premises in a reasonably safe condition for the benefit of Plaintiff (and all similarly situated invitees). In practical terms, this meant three things.

/ / /

/ / /



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

49.

First, the Topgolf Defendants owed an affirmative duty to Plaintiff (and all similarly situated invitees) to discover unreasonably dangerous conditions on their premises that create an unreasonable risk of harm and then eliminate those conditions from their premises.

50.

Second, the Topgolf Defendants owed an affirmative duty to Plaintiff (and all similarly situated invitees) to discover unreasonably dangerous conditions on their premises and take sufficient measures to protect Plaintiff (and all similarly situated invitees) from the unreasonably dangerous conditions, beyond mere warnings.

51.

Third, the Topgolf Defendants owed an affirmative duty to Plaintiff (and all similarly situated invitees) to adequately warn of the unreasonable risk of harm posed by the unreasonably dangerous conditions on their premises.

52.

The Topgolf Defendants breached these duties in one or more of the ways alleged below in Counts One, Two, and Three.

COUNT ONE

(Failure to Eliminate an Unreasonably Dangerous Condition)

53.

The risk of being injured by flying objects – such as errant golf clubs and golf balls – constitutes an unreasonably dangerous condition due to the layout of the Bays combined with the foreseeability that invitees have suffered serious injury from flying objects while in the Bays. Invitees are powerless to protect themselves from the risk, even when warned of same and even when following all of the Topgolf Defendants' rules.

/ / /

/ / /



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

54.

The Topgolf Defendants created this unreasonably dangerous condition on their premises and/or caused and allowed it to remain on their premises despite knowing of its existence and the foreseeable risk of serious injury presented thereby.

55.

The Topgolf Defendants were negligent and/or breached their duty of care in one or more of the following ways:

a. Failing to install/maintain adequate safety barriers inside/between the Bays to eliminate the unavoidable and foreseeable risk of injury associated with flying objects entering the Bays;

b. Otherwise failing to design-away the foreseeable risk of injury;

c. Removing Bay Dividers that were previously installed inside/between the Bays during the Covid pandemic, thereby re-exposing Plaintiff (and all similarly situated invitees) to the unavoidable and foreseeable risk of injury associated with flying objects entering the Bays;

d. Failing to implement other reasonable safety measures to eliminate the unavoidable and foreseeable risk of injury associated with flying objects entering the Bays, which include without limitation:

(i) ensuring guests have the minimum skill necessary to golf safely without presenting a risk of injury to others;

(ii) ensuring that guests wear appropriate personal protective equipment while inside the Bays;

(iii) ensuring that guests are outfitted with appropriate golf clubs for their size/age/golfing-ability;

(iv) ensuring that guests are not served types of food that make it more likely that a golf club releases from their hands and becomes a danger to other guests in the vicinity;

(v) ensuring that guests are not overserved alcohol such that it becomes more likely that a golf club releases from their hands and becomes a danger to other guests in the vicinity; and



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

(vi) ensuring that other guests are following all of the Topgolf Defendants' safety rules and policies;

d. Failing to investigate the root causes of prior accidents involving flying objects (both at the Hillsboro Location and other Topgolf facilities nationwide);

e. Failing to take appropriate action in response to root cause analysis to eliminate that unavoidable risk from their premises;

e. Otherwise failing to exercise reasonable care to eliminate and/or protect against the unavoidable and foreseeable risk of injury associated with flying objects entering the Bays for the benefit of Plaintiff (and all similarly situated invitees); and

f. Otherwise failing to maintain their premises in a reasonably safe condition for the benefit of Plaintiff (and all similarly situated invitees).

56.

The Topgolf Defendants' negligent acts and omissions described above were a cause-in-fact of the Subject Accident and Plaintiff's injuries sustained therein.

COUNT TWO

(Failure to Protect Against an Unreasonably Dangerous Condition)

57.

The risk of being injured by flying objects – such as errant golf clubs and golf balls – constitutes an unreasonably dangerous condition due to the close and cramped layout of the Bays combined with the foreseeability that invitees would be injured from flying objects while in the Bays, regardless of the Topgolf Defendants' rules. Invitees are powerless to protect themselves from the risk, even when warned of same and even when following all of the Topgolf Defendants' rules.

58.

The Topgolf Defendants created this unreasonably dangerous condition on their premises and/or caused and allowed it to remain on their premises despite knowing of its existence and the foreseeable risk of serious injury presented thereby.

/ / /



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

59.

The Topgolf Defendants were negligent and/or breached their duty of care in one or more of the following ways:

a. Failing to adequately warn Plaintiff (and all similarly situated invitees) of the foreseeable risk of injury associated with flying objects entering the Bays;

b. Failing to install/maintain adequate safety barriers inside/between the Bays to eliminate the foreseeable risk of injury associated with flying objects entering the Bays;

c. Otherwise failing to design-away the foreseeable risk of injury;

d. Removing the Bay Dividers that were previously installed inside/between the Bays during the Covid pandemic, thereby re-exposing Plaintiff (and all similarly situated invitees) to the foreseeable risk of injury associated with flying objects entering the Bays;

e. Failing to implement other reasonable safety measures to adequately warn about or eliminate the foreseeable risk of injury associated with flying objects entering the Bays, which include without limitation:

(i) ensuring guests have the minimum skill necessary to golf safely without presenting a risk of injury to others;

(ii) ensuring that guests wear appropriate personal protective equipment while inside the Bays;

(iii) ensuring that guests are outfitted with appropriate golf clubs for their size/age/golfing ability;

(iv) ensuring that guests are not served types of food that make it more likely that a golf club releases from their hands and becomes a danger to other guests in the vicinity;

(v) ensuring that guests are not overserved alcohol such that it becomes more likely that a golf club releases from their hands and becomes a danger to other guests in the vicinity; and

(vi) ensuring that other guests are following all of the Topgolf Defendants' safety rules and policies;

f. Failing to investigate the root causes of prior accidents involving flying objects (both at the Hillsboro Location and other Topgolf facilities nationwide);



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

g. Failing to take appropriate action in response to root cause analysis to make their premises reasonably safe for Plaintiff (and all similarly situated invitees);

h. Otherwise failing to exercise reasonable care to adequately protect against the foreseeable risk of injury associated with flying objects entering the Bays for the benefit of Plaintiff (and all similarly situated invitees); and

i. Otherwise failing to maintain their premises in a reasonably safe condition for the benefit of Plaintiff (and all similarly situated invitees).

60.

The Topgolf Defendants' negligent acts and omissions described above were a cause-in-fact of the Subject Accident and Plaintiff's injuries sustained therein.

COUNT THREE

(Failure to Adequately Warn of an Unreasonable Risk of Harm)

61.

The risk of being injured by flying objects – such as errant golf clubs and golf balls – constitutes an unreasonable risk of harm due to the close and cramped layout of the Bays combined with the foreseeability that invitees have suffered serious injury from flying objects while in the Bays, even when following all of the Topgolf Defendants' rules.

62.

The Topgolf Defendants created this unreasonable risk of harm on their premises and/or caused and allowed it to remain on their premises despite knowing of its existence and the foreseeable risk of serious injury presented thereby.

63.

The Topgolf Defendants were negligent and/or breached their duty of care in one or more of the following ways:

a. Failing to adequately warn Plaintiff (and all similarly situated invitees) of the foreseeable risk of serious injury associated with flying objects entering the Bays;

b. Failing to adequately warn of the foreseeable risk of serious injury associated with flying objects entering the Bays by displaying small, hard-to-read signage in inconspicuous areas of their premises;



SMITH FOSTER KING — LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

c. Failing to adequately warn of the foreseeable risk of serious injury associated with flying objects entering the Bays by displaying signage that requires a guest to enter zones of danger in order to read the signage;

d. Failing to adequately warn of the foreseeable risk of serious injury associated with flying objects entering the Bays by displaying warning signage that is lighthearted or humorous (e.g., "Shank" and "Thwack," causing spilled drinks and nachos, etc.) on their premises;

e. Failing to adequately warn of the foreseeable risk of serious injury associated with flying objects entering the Bays by displaying warning signage that requires guests to have to interpret the language and/or imagery displayed on the signage;

f. Failing to adequately warn of the foreseeable risk of serious injury associated with flying objects entering the Bays by burying safety warnings in the recesses of digital formats (e.g., the website guests use to make reservations, links in email confirmations, and the user interface screen in the Bays);

g. Failing to adequately warn of the foreseeable risk of serious injury associated with flying objects entering the Bays by neglecting to present all guests with waivers of liability or assumption of risk forms, or by allowing guests to easily bypass same through the user interface screen in the Bays;

h. Failing to train employees to warn guests of the foreseeable risk of serious injury associated with flying objects entering the Bays;

i. Failing to supervise employees to warn guests of the foreseeable risk of serious injury associated with flying objects entering the Bays;

j. Otherwise failing to exercise reasonable care to adequately warn about the foreseeable risk of serious injury associated with flying objects entering the Bays for the benefit of Plaintiff (and all similarly situated invitees); and

k. Otherwise failing to maintain their premises in a reasonably safe condition whereby Plaintiff (and all similarly situated invitees) are apprised and aware of the foreseeable risk of serious injury associated with flying objects entering the Bays.

64.

The Topgolf Defendants' negligent acts and omissions described above were a cause-in-fact of the Subject Accident and Plaintiff's injuries sustained therein.

/ / /

/ / /



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

65.

As a result of the Topgolf Defendants' negligent acts and omissions, as described above in Counts One, Two, and Three, Plaintiff has suffered economic damages in the form of past medical expenses, future medical expenses, lost wages and benefits, and lost earning capacity in an amount to be proven at trial but not less than $10,000,000.

66.

As a result of the Topgolf Defendants' negligent acts and omissions, as described above in Counts One, Two, and Three, Plaintiff has suffered noneconomic damages in the form of pain; mental suffering; emotional distress; humiliation; injury to reputation; loss of care, comfort, companionship and society; inconvenience; and interference with normal and usual activities apart from gainful employment in an amount to be proven at trial but not less than $30,000,000.

67.

The Topgolf Defendants' actions and inaction, as described above in Counts One, Two, and Three, rise to the level of recklessness with outrageous indifference to a highly unreasonable risk of harm to business invitees and with a conscious indifference to the health, safety, and welfare of others. Accordingly, the Topgolf Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial.

* * *

WHEREFORE, Plaintiff prays for judgment in her favor, and against Defendants, as follows:

a. On Plaintiff's first claim for relief (premises liability – strict liability), an award of damages against Defendants in an amount to be proven at trial, but not less than $40,000,000, plus punitive damages;

b. On Plaintiff's second claim for relief (premises liability – negligence), an award of damages against Defendants in an amount to be proven at trial, but not less than $40,000,000, plus punitive damages;



SMITH FOSTER KING
— LLP —
3330 NW Yeon Ave, Ste 240
Portland, OR 97210
503.567.7100
smithfosterking.com

c. For an award of costs and disbursements incurred herein; and

d. For such other relief the Court deems just and proper.

DATED: February 28, 2025.

SMITH FOSTER KING LLP

Anne D. Foster, OSB No. 993152
Email: afoster@sfklegal.com
Samuel T. Smith, OSB No. 084772
Email: ssmith@sfklegal.com
Jaimee R. King, OSB No. 146042
Email: jking@sfklegal.com
Attorneys for Plaintiff