IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KENDAL SPENCER,<br><br>        Plaintiff,<br>  v.<br><br>TOPGOLF USA HILLSBORO, LLC and<br>TOPGOLF INTERNATIONAL, INC.,<br><br>        Defendants. | Case No.: 3:25-cv-00353-AN<br><br><br>ORDER |

Plaintiff Kendal Spencer brings this action against defendants Topgolf USA Hillsboro, LLC and Topgolf International, Inc., alleging claims of premises liability under theories of strict liability and negligence. Plaintiff now moves to compel certain depositions and inspections. For the reasons that follow, the motion is DENIED.

## LEGAL STANDARD AND RELEVANT LAW

A.    **Federal Rule of Civil Procedure 26**

Federal Rule of Civil Procedure ("FRCP") 26(b)(1) limits the scope of discovery as follows:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Fed. R. Civ. P. 26(b)(1). Discovery is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). The court has "broad discretion" to determine whether information sought is relevant for discovery purposes. *Id.*

1

B.  **Federal Rule of Civil Procedure 30**

A party "may, by oral questions, depose any person, including a party, without leave of the court," and may compel the person's attendance by subpoena under FRCP 45. Fed. R. Civ. P. 30(a)(1). A party must have leave of the court if the parties have not stipulated to the deposition, if the deposition would result in more than ten depositions being taken in the case, if the deponent has already been deposed in the case, or if the deponent is in prison. Fed. R. Civ. P. 30(a)(2). The party must give reasonable written notice to every other party. Fed. R. Civ. P. 30(b)(1). If the deponent is an organization, such as a corporation, "the serving party and the organization must confer in good faith about the matters for examination" either "[b]efore or promptly after the notice or subpoena is served." Fed. R. Civ. P. 30(b)(6). The court "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

C.  **Federal Rule of Civil Procedure 34**

A party may serve on another party a request, within the scope of FRCP 26, to engage in certain discovery, including "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measures, survey, photograph, test, or sample the property." Fed. R. Civ. P. 34(a)(2). The request must describe "with reasonable particularity" what is to be inspected and "specify a reasonable time, place, and manner." Fed. R. Civ. P. 34(b)(1). The responding party must respond in writing within thirty days of being served and must state whether the inspection will be permitted or raise objections. Fed. R. Civ. P. 34(b)(2)(A)-(c). "As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c).

D.  **Motion to Compel**

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ P. 37(a)(1). If a deponent fails to answer a question asked under FRCP 30 or 31; a corporation or other entity fails to make a designation under FRCP 30 or 31; a

party fails to answer an interrogatory; or a party fails to produce documents or respond that an inspection will be permitted, the affected party may move for an order compelling a discovery response. Fed. R. Civ. P. 37(a)(3)(B).

The movant has the initial burden of demonstrating the relevance of the discovery sought; the burden then shifts to the party opposing discovery to demonstrate why it should not be permitted. *Fed. Trade Comm'n v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 WL 3400098, at *1 (D. Or. July 12, 2024) (citation omitted). The court must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if the proposed discovery is outside the scope permitted by FRCP 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). However, the court must not order payment if the movant filed before attempting in good faith to obtain the discovery, the objection to discovery was substantially justified, or other circumstances make an award of expenses unjust. *Id.*

## BACKGROUND

Defendants operate golf driving range businesses. Compl., ECF [1], ¶¶ 7-8. Plaintiff visited the Hillsboro, Oregon, Topgolf location on June 24, 2023, where she and her friends golfed in a bay on the first floor. *Id.* ¶ 21. During that visit, plaintiff was struck in the head by a flying golf club while seated on a couch. *Id.* ¶ 23. Plaintiff alleges that the golf club was swung and released by a person not in her group who was golfing two bays away. *Id.* ¶ 25. She suffered a traumatic brain injury as a result. *Id.* ¶¶ 29-30.

Plaintiff filed the complaint on February 28, 2025. On June 4, 2025, the Court held a Rule 16 conference and set a case management schedule. At that conference, counsel stated that they were working together amicably.

On June 27, 2025, plaintiff filed a motion to compel depositions and inspections. Mot. to

3

Compel, ECF [18]. Plaintiff provides the following background information on the parties' discovery process so far:

Plaintiff's counsel sent an email to defendant's counsel on March 23, 2025, expressing her intent to conduct depositions in Dallas, Texas, and in Oregon, and to inspect the INFORM system, an incident report system employed by defendants, in Dallas. Decl. Anne D. Foster, ECF [19], ¶ 2 & Ex. 1. Counsel talked on the phone on April 4, 2025. Plaintiff's counsel states that at that time, "the parties discussed who I would like to depose and dates the parties had available for depositions both in Oregon and Texas. During the call I suggested that we go to Texas for an entire week. That way we could get as much completed as possible during one trip." *Id.* ¶ 4. She states that defendants' counsel agreed and "promised to speak with her clients to determine the best dates for depositions." *Id.* Plaintiff's counsel later proposed the dates of July 7-11, 2025, for the Dallas trip, writing in an email, "I need to off [*sic*] you different dates for depositions . . . I suggest we use the July 7-11 dates for Texas. My hope is that we can complete Texas in one trip but that never seems to work out." *Id.* at Ex. 3, at 1.

On May 7, 2025, defendant's counsel emailed plaintiff's counsel, stating "I am unavailable for depositions on June 30 or July 1, but I am holding July 7-11 and August 4-6 for depositions in this case . . . I can't commit to my client's witness availability on those dates yet because I need to check their schedules and see your FRCP 36(b)(6) topics first to determine the designees. That being said, I think holding the dates and trying to make them work for depositions make [*sic*] sense." *Id.* at Ex. 4, at 1.

On May 20, 2025, plaintiff's counsel sent another email, stating, "I would like to depose your Dallas folks on July 7-11, 2025 and your Oregon folks (at least the first batch) August 4-6, 2025." *Id.* at Ex. 5. She explained that "based on your statement that you are holding those dates on your calendar," she would send notices of deposition for those time periods, buy a plane ticket, and reserve a conference room in Dallas. She asked for the availability of seven witnesses to depose in Dallas and five witnesses to depose locally. *Id.* Plaintiff's counsel states that she did not receive a response to this email. *Id.* ¶ 7. On May 22, 2025, plaintiff's counsel sent another email to defendants' counsel and her staff, enclosing the following discovery requests: plaintiff's first set of interrogatories; notices of intent to depose employees in

4

Dallas, Texas, between July 8 and 11, 2025; a notice of intent to depose Kenneth Bolton, a former risk manager, on July 7, 2025, in Dallas; notice of intent to inspect the INFORM system between July 8 and 11, 2025, in Dallas; a notice of intent to inspect the Hillsboro Topgolf on July 14, 2025; a notice of intent to depose Hillsboro employees between August 4 and 6, 2025, locally; and a notice of intent to serve subpoenas on defendants' insurance carriers. *Id.* at Ex. 6. On May 23, 2025, plaintiff's counsel sent another email asking defendants' counsel to confirm her preferred date to hold the inspection of the INFORM system in Dallas, as plaintiff's counsel needed to schedule her expert. *Id.* at Ex. 8. She also asked for the best dates for the Dallas employees so that she could "send an updated Notice." *Id.* She states that she did not receive a response to this email. *Id.* ¶ 18.

On June 24, 2025, defendants' counsel emailed plaintiff's counsel. Regarding the Dallas depositions and INFORM inspection, she wrote, "[t]he current proposed deposition schedule won't work for my clients. We can't do my client's personal depositions or the Rule 30(b)(6) deposition in Texas in July. I know you have trial in mid-August, so I'm wondering if you have availability in late August through September." *Id.* at Ex. 12. As to the INFORM inspection, she wrote, "I believe this falls outside the scope of discovery under Rule 26(b) and object to the notice. I'd like to discuss the relevance and proportionality concerns I have with this request." As to the corporate deposition notice, she wrote, "I will be sending objections to the corporate deposition notice soon so we can work through them. Also, with 15 general topics, I'm concerned the deposition may exceed Rule 30's seven-hour limit. I'd rather have that issue resolved before we find ourselves in Texas." *Id.* As to the Hillsboro premises inspection, she wrote, "I'm still working to confirm availability for the July 14 Hillsboro site inspection and will update you shortly." *Id.* As to the depositions occurring locally, she wrote, "I'm also still working on confirming availability for the August 4-6 Oregon depositions of my client and will provide an update as soon as possible." *Id.*

## DISCUSSION

Plaintiff moves to compel five different categories of discovery:

1. Depositions of certain witnesses, including corporate designees with information about the INFORM incident report system and the "risk of errant golf balls and clubs," in Dallas,

5

    Texas, between July 8 and 11, 2025;

 2. Depositions of Courtney Halbrook and Kevin Miner in Dallas between July 8 and 11, 2025;

 3. Inspection of the INFORM system in Dallas between July 8 and 11, 2025;

 4. Inspection of the Hillsboro Topgolf facility on July 14, 2025; and

 5. Depositions of "each of the individual Topgolf witnesses located in Oregon" between August 4 and 6, 2025.

Mot. to Compel 1-2. Plaintiff argues that her counsel relied on representations by defendants' counsel that defendants' counsel would be available on the dates specified for the depositions and inspections, and cancelling on short notice is highly prejudicial because plaintiff incurred costs in booking travel, reserving deposition facilities, and scheduling experts. *Id.* at 7-8. Plaintiff argues that because defendants failed to timely object under FRCP 45(d)(2)(B), they waived objections to the scheduled depositions and inspections. *Id.*

  As an initial impression, the conflict underlying this motion appears to be a scheduling dispute, not a discovery dispute. Defendants have not refused to permit any inspections or failed to appear at any depositions. The parties disagree on the preferred date to conduct the Dallas depositions. The motion is, at minimum, premature as to the Oregon inspection and depositions, for which defendants' counsel has represented that she is working on dates with her clients.

  Regardless, there is no basis to compel discovery because plaintiff does not attempt to meet her initial burden of demonstrating that the discovery sought is relevant. The argument is focused on the scheduling conflict and the costs to plaintiff of scheduling the depositions and inspection but does not explain why the discovery at issue is relevant or necessary to the case. Defendants raise meaningful concerns about whether some of the requested discovery is in fact relevant and proportional, and argues that it may be unduly burdensome, noting that, for example, plaintiff has currently noticed more than the presumptive ten depositions permitted and designates as a deposition topic a hotline operated by defendants that was not in use at the time of the incident. Defs. Resp., ECF [23], at 3-6. Although plaintiff contends that defendants waived their objections by failing to timely serve them under FRCP 45, that rule governs

6

subpoenas, which are not at issue in this motion concerning FRCP 30 depositions and FRCP 34 inspections. The parties would benefit from additional conferral on the scope of discovery and scheduling issues, and the Court will not compel the requested discovery at this time.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel, ECF [18], is DENIED. The parties are directed to confer in a timely manner on discovery and scheduling issues.

IT IS SO ORDERED.

DATED this 3rd day of July, 2025.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge